**Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,**

v.

**The DEXTER CORPORATION, a corporation, Defendant.**

No. 78 C 2628.

United States District Court, N. D. Illinois, E. D.

April 4, 1980.

Amended Judgment Order April 14, 1980.

Carin Ann Clauss, Sol. of Labor, Washington, D. C., Herman Grant, Regional Sol., Richard J. Fiore, for Occupational Safety and Health; Kenneth A. Henry, Atty., U. S. Dept. of Labor, Chicago, Ill., for plaintiff.

David P. List, Mark C. Curran, James S. Whitehead and Sidley & Austin, Chicago, Ill., of counsel, for defendant.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

PERRY, District Judge.

This case was tried to the court sitting without a jury. The court, having considered the pleadings, stipulations of the parties, documents in evidence and the testimony of the witnesses, and having reviewed the post-trial memoranda submitted by counsel for the parties, hereby makes the following findings of fact and conclusions of law:

#### Findings of Fact

1. Plaintiff, Ray Marshall, is the Secretary of Labor, and has brought this action in his official capacity under the Occupational Safety and Health Act, 29 U.S.C. § 660(c)(2).

2. Defendant, the Dexter Corporation, is a corporation with the plant and offices of its Midland Division located in Waukegan, Illinois. At this facility defendant manufactures industrial chemicals. The defendant has admitted in its Answer that it is and at all relevant times has been engaged in a business affecting interstate commerce.

3. Marcia A. ("Mickey") Dell was employed by defendant from July 20, 1970 to February 16, 1976, as the supervisor of defendant's office services department.

4. In plaintiff's complaint, defendant is charged with violating provisions of section 11(c)(1) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 660(c)(1)) and defendant seeks an injunction restraining the alleged violations. Plaintiff alleges, *inter alia*, that defendant unlawfully discharged Mrs. Dell because she made health and safety complaints to Dexter management or, alternatively, because she had filed a complaint with the Department of Labor under the Occupational Safety and Health Act of 1970. Plaintiff's complaint seeks to compel defendant to reinstate Mrs. Dell to the position she held upon discharge and to pay her any lost earnings. During the trial, however, Mrs. Dell stated that she did not wish to be reinstated because she had found a better paying position with another employer.

5. Defendant has instituted and maintained an extensive safety program designed to instruct employees on safe work practices and to imbue them with a safety-conscious attitude. Defendant has a multi-level safety committee structure, involving every employee in the facility in safety meetings and the safety program. Defendant has a full-time safety coordinator who, among other duties, conducts safety inspections and monitors noise and vapor levels at the facility. Marcia Dell served on one of defendant's safety subcommittees as a representative of her department; but while in such a capacity she never submitted any written suggestion or complaint relating to safety or health.

6. Defendant has encouraged employees to bring safety complaints to management's

attention. Plaintiff came forward with no credible evidence of any employee having been criticized or disciplined for making safety complaints.

7. Marcia Dell made numerous oral safety-related complaints during the course of her employment. In each instance, defendant's management promptly responded by investigating the matter and taking corrective action where necessary. Mrs. Dell was never criticized or disciplined for making these safety complaints.

8. Prior to the third quarter in 1975, Mrs. Dell had consistently received profit sharing ratings of 13. In the third quarter of the year she was given a bonus point (raising her rating to 14) because of a special project she performed. With the end of the special project prior to the fourth quarter, her rating returned to 13. The record does not support plaintiff's contention that the rating decrease was attributable to Mrs. Dell's safety complaints.

9. Mrs. Dell filed charges of harassment with the Department of Labor under the Occupational Safety and Health Act of 1970 on January 29, 1976.

10. A letter from the Department of Labor notifying defendant of Mrs. Dell's charges was received in defendant's office services department on February 9, 1976. Mrs. Dell caused the letter to be intercepted and photocopied. Although she initially placed the notice in the mail basket of the appropriate Dexter manager, she later removed the notice before it could be delivered. The manager in question and the other Dexter managers who subsequently participated in the decision to discharge Mrs. Dell testified credibly that the notice was never received by any of them and that they did not learn of her Occupational Safety and Health Act charges until long after her discharge. The court finds that Mrs. Dell intercepted the Department of Labor notice and prevented its delivery to defendant.

11. Plaintiff produced evidence that employees in office services and other Dexter employees were informed by Mrs. Dell prior to her termination that she had filed charges with the Occupational Safety and Health Administration. There is no credible evidence, however, that any of defendant's managers, and most importantly the managers who made the decision to discharge Mrs. Dell, were aware of her OSHA charges prior to her discharge. The court notes that Mrs. Dell did not testify that she told General Manager D. W. Long that she had filed charges with OSHA or other federal agencies even when she was advised that she was being terminated.

12. Mrs. Dell was discharged on February 16, 1976, because of her continued unwillingness to work cooperatively with other members of Dexter management, including especially Alex Poulos, her immediate supervisor, and General Manager D. W. Long. On several occasions, Mrs. Dell refused to work with Mr. Poulos to remedy problems that she had or that affected other office services employees and she actively took steps to undermine Mr. Poulos' authority and to make it appear as though he was insensitive to these problems. In addition, Mrs. Dell falsely informed General Manager D. W. Long of Poulos' response when Mrs. Dell inquired of him about the possible promotion of one of Mrs. Dell's subordinates.

13. Defendant had ample cause to terminate Mrs. Dell's employment. Her termination was in no way caused by any safety complaints she made or the OSHA charge that she had filed.

*Conclusions of Law*

1. The court has jurisdiction over plaintiff's claim under section 11(c)(2) of the Occupational Safety and Health Act of 1970 (29 U.S.C. § 660(c)(2)).

2. Defendant The Dexter Corporation is and during all relevant times, was a "person" and an "employer" within the meaning of sections 3(4) and 3(5) of the Act (29 U.S.C. § 652(6)).

3. Mrs. Marcia Dell was from July 20, 1970 to February 16, 1976 an "employee" within the meaning of section 3(6) of the Act (29 U.S.C. § 652(6)).

4. Section 11(c)(1) of the Act provides:

No person shall discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter or has testified or is about to testify in any such proceeding or because of the exercise by such employee on behalf of himself or others of any right afforded by this chapter. 29 U.S.C. § 660(c)(1).

5. The credible evidence of record does not demonstrate that Mrs. Dell's "protected activity was a substantial reason for [her discharge] or [that] the discharge or other adverse action would not have been taken 'but for' engagement in protected activity". (29 C.F.R. § 1977.6(b)). Consequently, defendant's discharge of Mrs. Dell did not violate section 11(c)(1) of the Act.

6. Judgment should be entered in favor of defendant and against plaintiff, dismissing plaintiff's claims with prejudice. A separate Judgment Order, in accordance with the court's findings of fact and conclusions of law, is being entered simultaneously herewith.

### AMENDED JUDGMENT ORDER

This action having come on for trial before the court sitting without a jury, and after due consideration of the evidence and the applicable law, it appearing to the court that defendant's discharge of Marcia A. Dell from its employment was not in retaliation for any safety complaints she may have made or for having filed a complaint with the Department of Labor under the Occupational Safety and Health Act of 1970, and, accordingly, that defendant's discharge of Marcia A. Dell did not violate Section 11(c)(1) of the Act (29 U.S.C. § 660(c)(1)), and the court having filed its findings of fact and conclusions of law herein, in accordance therewith,

It is hereby ORDERED, ADJUDGED and DECREED that plaintiff take nothing and that the action be dismissed on the merits and that Defendant recover of the Plaintiff its costs of action.